IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Donald W.,[1] | ) | C/A No. 0:24-7022-RMG-PJG |
| | ) | |
| Plaintiff, | ) | **REPORT AND RECOMMENDATION** |
| | ) | **ON PLAINTIFF'S APPEAL FROM THE** |
| v. | ) | **SOCIAL SECURITY** |
| | ) | **ADMINISTRATION'S DENIAL OF** |
| Commissioner of the Social Security Administration, | ) | **SOCIAL SECURITY BENEFITS** |
| | ) | |
| | ) | ☒ Affirm |
| Defendant. | ) | ☐ Reverse and Remand |
| | ) | |

This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.03 (D.S.C.). The plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Commissioner of Social Security ("Commissioner"), denying the plaintiff's claims for social security benefits.

**Part I—Plaintiff seeks:**

☒      Supplemental Security Income ("SSI"):  Plaintiff's age at filing:  <u>34</u>

☒      Disability Insurance Benefits ("DIB"):  Date last insured:  <u>December 31, 2023</u>

☐      Other:

Application date:  <u>February 17, 2022</u>

Plaintiff's Year of Birth:  <u>1984</u>

Plaintiff's alleged onset date:  <u>December 7, 2018</u>

**Part II—Social Security Disability Generally**

Under 42 U.S.C. § 423(d)(1)(A), (d)(5), and/or 42 U.S.C. § 1382c(a)(3)(H)(i), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a) and/or § 416.905(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations generally require the Administrative Law Judge ("ALJ") to consider five issues in sequence, as outlined below. 20 C.F.R. § 404.1502(a)(4) and/or § 416.920(a)(4). If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

A claimant has the initial burden of showing that he/she is unable to return to past relevant work because of his/her impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that federal courts refer to claimants in social security cases only by their first names and last initials.

Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. § 423(d)(2)(A) and/or § 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

## Part III—Administrative Proceedings

Date of ALJ Decision: May 17, 2024

In applying the requisite five-step sequential process, the ALJ found:

Step 1:         Plaintiff was engaged in substantial gainful activity during the relevant time period:
                ☐ Yes  ☒ No

Step 2:         ☒ Plaintiff has the following severe impairments: spine disorder and disorder of muscle, ligament, or fascia (20 C.F.R. 404.1520(c) and 416.920(c)).

Step 3:         ☒ Plaintiff's impairments do not meet or medically equal a Listing. 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4:         Plaintiff's Residual Functional Capacity is as follows:

                [T]he claimant has the residual functional capacity to perform less than the full range of sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a). The claimant can occasionally lift/carry and push/pull; no climbing ladders, ramps and stairs; no kneeling or crawling; occasional overhead reaching; must avoid concentrated exposure to heights and hazards; and must use a handheld assistive device for ambulation.

                ☐ Plaintiff could return to his/her past relevant work.

Step 5:         ☐ Plaintiff could not return to his/her past relevant work, but using the Medical-Vocational Guidelines ("Grids") as a framework supports a finding that Plaintiff is not disabled. 20 C.F.R. Pt. 404, Subpt. P, App'x 2.

                ☒ Plaintiff could not return to his/her past relevant work, but there are jobs in the national economy that Plaintiff can perform, as follows:

| Job Title     | DOT Number  | Number of Jobs |
|---------------|-------------|----------------|
| Order Clerk   | 209.567-014 | 21,000         |
| Bench Hand    | 715.684-026 | 18,000         |
| Machine Tender| 731.685-014 | 16,000         |

Date of Appeals Council decision: October 2, 2024

## Part IV—Standard of Review

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Brown v. Comm'r Soc. Sec. Admin., 873 F.3d 251, 267 (4th Cir. 2017); Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980).

"Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589; see also Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019); Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." Biestek, 139 S. Ct. at 1154 (citation omitted). In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Craig, 76 F.3d at 589; see also Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

**Part V—Issues for Judicial Review**

> I. The ALJ's finding that Plaintiff's statements about the severity and limiting effect of back pain were inconsistent with the "relatively conservative" treatment is contradicted by new and material evidence submitted to the Appeals Council that shows conservative treatment failed, requiring implantation of a spinal cord stimulator.
>
> II. Substantial evidence does not support the ALJ's conclusion that Plaintiff's subjective complaints of pain were inconsistent with his daily activities.

(Pl.'s Br., ECF No. 12 at 1.)

**Oral Argument:**

> ☐ **Held on** _____.
>
> ☒ **Not necessary for recommendation.**

**Summary of Reasons**

**A.    Appeals Council's Consideration of New Evidence**

Plaintiff argues that the Appeals Council failed to properly consider new and material evidence submitted after the ALJ's decision. The Commissioner contends that the Appeals Council properly considered the proffered evidence and concluded it was not material and did not relate to the period on or before the ALJ's decision.

The law provides that evidence submitted to the Appeals Council with the request for review must be considered in deciding whether to grant review "if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." Wilkins v. Sec'y, Dep't of Health & Human Servs., 953 F.2d 93, 95-96 (4th Cir. 1991) (*en banc*)

(quoting Williams v. Sullivan, 905 F.2d 214, 216 (8th Cir. 1990)). Evidence is new "if it is not duplicative or cumulative." Id. at 96. "Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." Id. Effective January 17, 2017, the claimant is required to show good cause for not informing the ALJ about or submitting the evidence prior to the hearing. See 20 C.F.R. § 404.970(b).

The United States Court of Appeals for the Fourth Circuit has explicitly held that "[t]he Appeals Council need not explain its reasoning when denying review of an ALJ decision." Meyer v. Astrue, 662 F.3d 700, 702 (4th Cir. 2011). In determining whether the Commissioner's final decision is supported by substantial evidence and reached through the application of the correct legal standard, the court must " 'review the record as a whole' including any new evidence that the Appeals Council 'specifically incorporated . . . into the administrative record.' " Id. at 704 (alterations in original) (quoting Wilkins, 953 F.2d at 96). If the court cannot determine whether, in light of the additional evidence submitted, the Commissioner's decision is supported by substantial evidence, remand is warranted. Meyer, 662 F.3d at 707 (reversing and remanding the Commissioner's decision because upon considering the whole record, including the new evidence submitted to the Appeals Council, the court could not determine whether substantial evidence supported the ALJ's denial of benefits). The Meyer Court recognized, however, that in some cases the record would clearly show that the additional evidence did not cause the ALJ's decision to be unsupported by substantial evidence. See id. (discussing Smith v. Chater, 99 F.3d 635, 638-39 (4th Cir. 1996)).

Here, Plaintiff submitted to the Appeals Council three types of additional evidence: (1) a physician's statement from Don O. Stovall, M.D., dated December 10, 2020; (2) medical records from Lowcountry Orthopedics dated February 15, 2024 through April 20, 2024; and (3) medical

records from Lowcountry Orthopedics dated May 21, 2024 through July 14, 2024. (See Tr. 30-40, 56-65.) The Appeals Council found that the first two categories of evidence, which included records dated before the ALJ's decision, did "not show a reasonable probability that it would change the outcome of the decision." (Tr. 2.) The Appeals Council found that the third batch of evidence, containing records dated after the ALJ's decision, did "not relate to the period at issue" and therefore did "not affect the decision about whether [Plaintiff was] disabled beginning on or before May 17, 2024." (Id.)

Plaintiff primarily challenges the Appeals Council's finding regarding the third set of evidence. (See ECF No. 25 at 1 ("Plaintiff's grounds for reversal and remand are based on the Appeals Council's failure to properly consider new and material evidence from Dr. [Christopher A.] Merrell's treatment records dated *after* the ALJ decision.")).[2] Plaintiff focuses his argument on a treatment note dated July 15, 2024, in which Dr. Merrell evaluates Plaintiff's candidacy for a spinal cord stimulator trial to treat his chronic thoracic spine pain. (Tr. 32.) At that time, Plaintiff reported "[m]odest relief from nsaids, activity modification, [radiofrequency ablation], [epidural steroid injections], muscle relaxers, [and] neuropathic pain medications." (Id.) Dr. Merrell noted

---

[2] Plaintiff's initial brief is less clear about the narrow scope of his grounds for remand. (See generally ECF No. 12 at 12-18.) In response to Plaintiff's apparent argument concerning the Appeals Council's failure to consider newly submitted evidence that pre-dated the ALJ's decision, the Commissioner asserted that this evidence was properly rejected because Plaintiff failed to show good cause for not informing the ALJ of its existence or submitting it prior to the hearing. (See ECF No. 20 at 14-15 (citing 20 C.F.R. §§ 404.970(b), 416.1470(b) ("The Appeals Council will only consider additional evidence under paragraph (a)(5) of this section if you show good cause for not informing us about or submitting the evidence as described in § 404.935. . . .")). While Plaintiff does not expressly abandon his claim, he does not respond to the Commissioner's argument, except to contend that the "good cause" requirement does not apply to evidence dated after the ALJ's decision. (See ECF No. 25 at 2-3.) This argument, of course, does not pertain to the first two sets of evidence. Nor is any argument for good cause as defined by the regulations apparent from the record. Thus, with regard to the evidence submitted to the Appeals Council that pre-dated the ALJ's decision, Plaintiff has failed to show that remand is warranted.

that conservative treatments had "been tried for at least 6 wks over the last 6 months" and that Plaintiff remained "diligent with home exercise program." (Id.) However, "[g]iven lack of adequate response to conservative measures, current symptoms, and pain severity," Dr. Merrell approved Plaintiff for a spinal cord stimulator trial. (Id.)

Plaintiff argues that this evidence directly undermines the ALJ's reasoning for discounting Plaintiff's reported symptoms. The ALJ found Plaintiff's spine disorder severe but found that Plaintiff's testimony that his back pain and side effects from his medications would prevent him from completing a full eight-hour workday was inconsistent with the record. (Tr. 48.) The ALJ then summarized the medical record before him, which included repeated indications from Plaintiff to his providers that he was receiving adequate pain relief from radiofrequency ablations, injections, patches, physical therapy, and medications. (Tr. 48-49.) The ALJ concluded: "In light of the . . . inconsistencies [between Plaintiff's testimony and the medical evidence], *particularly the relatively conservative treatment of the claimant's symptoms*, as well as the claimant's level of daily activity, I cannot find the claimant's allegation that he is incapable of all work activity to be consistent with the medical evidence of record." (Tr. 49 (emphasis added)). Plaintiff argues that Dr. Merrell's opinion that conservative treatments had not adequately addressed Plaintiff's pain undercuts the ALJ's decision such that it is no longer supported by substantial evidence.

Plaintiff correctly notes that the Appeals Council is not prohibited from considering evidence dated after the relevant period, as long as the evidence relates to alleged period of disability. See, e.g., Norris v. Colvin, 142 F. Supp. 3d 419, 423 (D.S.C. 2015) (noting that district courts in the Fourth Circuit have consistently held that relevant evidence dated after the ALJ hearing decision can relate to the period on or before the date of the ALJ decision and collecting

Page 6 of 14

PJG SSA R&R (Rev. 03/25)                                                                                                                Donald W.

cases).³  However, Plaintiff fails to show that the Appeals Council erred in finding that the evidence he submitted did not relate to the relevant period.

Plaintiff asserts that Dr. Merrell's July 2024 assessment of failed conservative measures necessarily indicates that those conservative measures were failing during the alleged period of disability.  Plaintiff's treatment records suggest otherwise.  Plaintiff reported "variable benefit" from thoracic spinal injections.  (See Tr. at 37.)  However, Plaintiff reported greater than 70% relief from the injection he received on November 21, 2023—the most recent injection prior to the ALJ's decision.  (Id.)  Plaintiff's May 21, 2024 injection was less beneficial, providing only 50% relief.  (Id.)  Despite the decreased level of efficacy, Plaintiff's providers continued to recommend the same conservative treatment options.  (Id.)  In June 2024, Plaintiff expressed interest in a spinal cord stimulator.  (Id.)  A July 1, 2024 MRI of Plaintiff's thoracic spine notes "no significant change" from his prior 2022 MRI.  (Tr. at 34.)  Thus, it appears that Plaintiff's interest in additional relief from a spinal cord stimulator came in response to the May 21, 2024 injection, and there is no evidence that his condition or the effectiveness of his treatments had worsened prior to this time.⁴

---

³ While Norris specifically relies on the pre-2017 regulations, the relevant language regarding relation to the period at issue is consistent with the new regulations.  Compare 20 C.F.R. § 404.970(b) (pre-2017) ("The Appeals Council shall evaluate the entire record including . . . new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision.") with 20 C.F.R. 404.970(a)(5) ("The Appeals Council will review a case at a party's request or on its own motion if . . . the Appeals Council receives additional evidence that is new, material, and related to the period on or before the date of the hearing decision . . . .").

⁴ Nor does Plaintiff challenge the ALJ's summary of the evidence before him, recounting multiple instances of Plaintiff's self-reported symptom improvement in response to conservative treatments.

To the extent Plaintiff attempts to link the post-period evidence with his prior complaints through reliance on a previous recommendation for a spinal cord stimulator, this argument also fails. Plaintiff points to a January 2021 treatment note in which Plaintiff requested information about other treatment options. (See Tr. 495.) Plaintiff had received a thoracic spine injection on January 19, 2021 and experienced only 15% relief. (Tr. 489.) Plaintiff's provider noted that he and Plaintiff discussed the possibility of a spinal cord stimulator trial on the day of the injection. (Tr. 495.) At Plaintiff's follow-up appointment on February 17, 2021, the spinal cord stimulator was not discussed and Plaintiff's provider noted that he had ordered a course of physical therapy and dry needling. (Tr. 489.) Thus, even if a spinal cord stimulator was discussed as a possible treatment option in January 2021, it was not pursued. One year later, Plaintiff's thoracic spine injury was considered to be at maximum medical improvement and he was restricted to medium duty work. (Tr. 469.) Further, the ALJ expressly considered these treatment notes in constructing Plaintiff's residual functional capacity. (See Tr. 48 (citing Exhibit 3F)).

Based on the foregoing, the court cannot find that the Appeals Council erred in finding that Plaintiff's newly submitted evidence was unrelated to the relevant period. Moreover, even if the evidence related to the relevant period, a review of the record as a whole, including the new evidence, does not reveal the ALJ's decision to be unsupported by substantial evidence. Plaintiff has failed to show that consideration of the new evidence would have changed the result, as there is no indication that the ALJ erred in finding that Plaintiff received "relatively conservative treatment" of his symptoms during the alleged period of disability. (Tr. 49.)

**B.    Daily Activities**

Next, Plaintiff asserts that the ALJ erred by discounting Plaintiff's subjective complaints based on his daily activities. With regard to subjective complaints, the United States Court of

Appeals for the Fourth Circuit has stated that "the determination of whether a person is disabled by pain or other symptoms is a two-step process." Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996). The first step requires there to "be objective medical evidence showing the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged." Id. (internal quotation omitted). During the second step, the ALJ must expressly consider "the intensity and persistence of the claimant's [symptom] and the extent to which it affects [his] ability to work." Id. In making these determinations, the ALJ's decision "must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." SSR 16-3p, 2017 WL 5180304, at *10. ALJs are further instructed to

> limit their evaluation to the individual's statements about his or her symptoms and the evidence in the record that is relevant to the individual's impairments. In evaluating an individual's symptoms, our adjudicators will not assess an individual's overall character or truthfulness in the manner typically used during an adversarial court litigation. The focus of the evaluation of an individual's symptoms should not be to determine whether he or she is a truthful person. Rather, our adjudicators will focus on whether the evidence establishes a medically determinable impairment that could reasonably be expected to produce the individual's symptoms and given the adjudicator's evaluation of the individual's symptoms, whether the intensity and persistence of the symptoms limit the individual's ability to perform work-related activities . . . .

Id., at *11.

Further, "claims of disabling pain may not be rejected '*solely* because the available objective evidence does not substantiate [the claimant's] statements' as to the severity and persistence of [his] pain." Craig, 76 F.3d at 595 (citations omitted) (first alteration in original); see also Arakas v. Comm'r, 983 F.3d 83, 95-96 (4th Cir. 2020) (finding that the ALJ disregarded

"longstanding precedent and the agency's own policy by improperly discounting Arakas's subjective complaints of pain and fatigue, based largely on the lack of objective evidence substantiating her statements"). "This is not to say, however, that objective medical evidence and other objective evidence are not crucial to evaluating the intensity and persistence of a claimant's pain and the extent to which it impairs his ability to work." Craig, 76 F.3d at 595. A claimant's subjective complaints "need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the [symptoms] the claimant alleges [he] suffers." Id. The social security regulations inform claimants that in evaluating subjective complaints, the Commissioner will consider the following relevant factors:

  (i)  Your daily activities;
  (ii)  The location, duration, frequency, and intensity of your pain or other symptoms;
  (iii)  Precipitating and aggravating factors;
  (iv)  The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;
  (v)  Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;
  (vi)  Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and
  (vii)  Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 404.1529(c)(3).

  At the hearing, Plaintiff testified that his physical pain and short temper, along with side effects from his medications, would prevent him from completing a full eight-hour workday. (Tr. 71.) Plaintiff described experiencing constant tingling and numbness in his legs and loss of feeling in his left leg after prolonged sitting or standing. (Tr. 72.) He explained that his medications caused memory loss, dizziness, and sleepiness and that he continued to experience physical pain

despite the medications. (Tr. 73.) Plaintiff testified that the pain prevented him from sleeping and that he was unable to function for nineteen hours out of a twenty-four-hour day. (Tr. 75-76.) Plaintiff described his average day as follows:

> I get up in the morning approximately 5:30, 6:00 in the morning, just so I can take pills because my back muscles are just seized up. Once I can actually move a little, I feed my dog and I go back to bed, lay down for another few hours; and then I try to muster strength just to go to the couch just so I'm not in the bed all day and all night. I will sit on the couch for two to three hours just watching TV or playing Xbox, but I can't sit too terribly long or I will lose feeling in my legs, so I'll try - - I will get up and go outside and let my dogs outside for 10, 15 minutes, but after that, the pain really starts getting to my foot so I have to sit back down. And I do this every other two, three hours and that's pretty much my whole cycle during the day.

(Tr. 76.) He stated that he cannot cook for himself and that he can bathe himself using a shower chair, but that sometimes his girlfriend helps him. (Tr. 77.)

After summarizing Plaintiff's testimony and the objective medical evidence, the ALJ found that the limitations included in Plaintiff's RFC were

> further supported by [Plaintiff's] reported daily activities, as he is able to take care of his personal hygiene and feed his dogs. Given the evidence regarding [Plaintiff's] pain, I conclude that [Plaintiff] would be precluded from the ambulation and exertion required in work above the sedentary level of exertion. In light of the aforementioned inconsistencies, particularly the relatively conservative treatment of the claimant's symptoms, as well as the claimant's level of daily activity, I cannot find [Plaintiff's] allegation that he is incapable of all work activity to be consistent with the medical evidence of record.

(Tr. 49.)

The ALJ thus expressly followed the two-step process prescribed by the regulations by finding that Plaintiff suffered from a severe back impairment that would cause the reported pain and then evaluating Plaintiff's subjective complaints based on the objective medical evidence, treatment modalities and Plaintiff's response to those treatments, and Plaintiff's reported daily activities. However, Plaintiff argues that the ALJ erred in relying on Plaintiff's daily activities

without considering the extent to which he could perform them and that Plaintiff's limited activities do not rise to the level of what would be required to perform full-time employment, even at the sedentary level. (ECF No. 12 at 18-20.) He contends that this error prevents meaningful judicial review such that remand is required. The court disagrees.

"Meaningful review is frustrated—and remand necessary—only where [the court is] unable to fathom the [ALJ's] rationale in relation to evidence in the record." Britt v. Saul, 860 F. App'x 256, 262 (4th Cir. 2021). Here, the ALJ adequately explained his rationale. The ALJ found the State Agency Consultant's opinions limiting Plaintiff to light work generally persuasive, but "reduced [the] exertional [level] to sedentary based on positive EMG and LS recess." (Tr. 48.) The ALJ noted that no medical opinions in the record provided for greater functional limitations. (Id.) He accurately summarized Plaintiff's treatment history, which showed Plaintiff to have variable responses to the multiple treatment modalities but also included Plaintiff's reports of mostly adequate pain control. (Tr. 48-49.) Plaintiff's daily activities were but one factor in the overall analysis.

Plaintiff has not explained how further consideration of his daily activities would alter the ALJ's opinion nor has he identified a medical opinion suggesting that greater limitations are warranted. In sum, Plaintiff fails to show that the Commissioner's decision is unsupported by substantial evidence such that remand is warranted.

PJG SSA R&R (Rev. 03/25)                                                                                               Donald W.
_____

# RECOMMENDATION

It is recommended that this matter be

☒  **Affirmed. Plaintiff has failed to show that the Commissioner's decision was unsupported by substantial evidence or controlled by an error of law.**

☐  Reversed and remanded pursuant to ☐ Sentence Four ☐ Sentence Six of 42 U.S.C. § 405(g) for further consideration consistent with this Order.

☐  Reversed and remanded for an award of benefits.

_____

January 13, 2026                           Paige J. Gossett
Columbia, South Carolina                   UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

PJG SSA R&R (Rev. 03/25)                                                                                                  Donald W.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).