IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Donald Williams, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 0:24-7022-RMG |
| v. ) | |
| ) | |
| Frank Bisignano, Commissioner ) | |
| of Social Security, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

  Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security denying his claim for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI"). In accord with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation on January 13, 2026, recommending that the Commissioner's decision be affirmed. (Dkt. No. 27). Plaintiff filed objections to the Magistrate Judge's report and the Commissioner filed a reply. (Dkt. Nos. 28, 29). As more fully set forth below, the Court reverses the decision of the Commissioner and remands the case to the administrative agency for further action consistent with this order.

## Legal Standard

  The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de*

*novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 518-19 (4th Cir. 1987).

A claimant for DIB must establish the presence of a disability prior to his last date insured, which was December 31, 2023. Medical evidence produced after the date last insured is generally relevant if such evidence "permits an inference of linkage with the claimant's pre-[date last insured] condition." *Bird v. Comm'r of Soc. Sec.*, 699 F.3d 337, 341 (4th Cir. 2012). Indeed, the Fourth Circuit noted in *Bird* that often the "most cogent proof" of a claimant's pre-date last insured disability comes from retrospective consideration of subsequent medical

records. *Id.* (citing *Moore v. Finch*, 418 F.2d 1224, 1226 (4th Cir. 1969)). *Bird* further provides that the subsequent medical evidence need not include a retrospective diagnosis so long as the treatment related to the claimant's "history of impairments." *Id.*

## Discussion

The Administrative Law Judge found that Plaintiff suffers from severe physical impairments ("spine disorder" and "disorder of muscle, ligament, or fascia") and that as a consequence of these severe impairments he had Residual Function Capacity (RFC) of less than the full scope of sedentary work. (Dkt. No. 4-2 at 47, 48). This is the lowest level of function a Social Security claimant may have and not generally be deemed disabled under the Social Security Act. Social Security Administration policy provides that "an RFC for less than a full range of sedentary work reflects very serious limitations resulting from an individual's medical impairment(s) and is expected to be relatively rare." SSR 96-9P, 1996 WL 374185, at *1 (July 2, 1996). When a claimant has such a compromised condition, a relatively small error by the ALJ can tip the balance between disabled and not disabled and requires careful review of the record on appeal.

Plaintiff has asserted two separate and independent bases for reversal and remand of the decision of the ALJ. First, Plaintiff asserts that a medical record from his treating orthopaedist, Dr. Christopher Merrell, based on treatment provided shortly following the ALJ's decision, was plainly inconsistent with the finding of the ALJ that his spinal condition was effectively managed with conservative treatment and consistent with Plaintiff's hearing testimony about the disabling effects of his severe back impairment. Plaintiff argues that the Appeals Council failed to analyze this new and material evidence and to reconcile it with other evidence in the medical

record, as required by Fourth Circuit precedent. (Dkt. No. 25 at 1-7). Second, Plaintiff asserts the ALJ's reliance on his ability to feed his dogs and to take care of his personal hygiene was insufficient to support a finding that he was capable of performing work eight hours a day, five days a week and was inconsistent with controlling Fourth Circuit precedent. (*Id*. at 7-9). The Court addresses each of these objections below.

    1.    <u>The Appeals Council's failure to consider the newly provided evidence of Plaintiff's treating orthopaedist because it did not "relate to the period at issue</u>."

The ALJ based his decision that Plaintiff retained residual functional capacity to perform less than the full scope of sedentary work, at least in part, because his spinal condition was effectively managed with "relatively conservative treatment of the claimant's symptoms." (Dkt. No. 4-2 at 50). Shortly after the ALJ's May 17, 2024 decision, Plaintiff's treating physician, Dr. Merrell, evaluated Plaintiff's continuing chronic spine pain, which he documented "worsens with activity, standing, walking, but has rest pain." (Dkt. No. 4-2 at 33). Dr. Merrell noted in his July 15, 2024 office record that Plaintiff's pain was "severe", 7/10, and he was receiving only "modest relief" from his ongoing treatment regime. (*Id.*). Dr. Merrell concluded that "[g]iven lack of adequate response to conservative measures, current symptoms, and pain severity," he recommended the surgical implantation of a spinal cord stimulator. (*Id.*).

Dr. Merrill's July 15, 2024 medical record, which documented his finding that the conservative measures that had been used to date were not working, was provided to the Appeals Council for review. The Appeals Council did not consider Dr. Merrill's new record because, in its view, the information "does not relate to the period at issue." (Dkt. No. 4-2 at 3).

Under the regulations of the Social Security Administration, a claimant seeking a review

of an adverse decision of an ALJ in a disability claim may submit additional evidence to the Appeals Council. 20 C.F.R. § 404.968. The Appeals Council is required to consider this additional evidence if it is "new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." § 404.970(a)(5). The Fourth Circuit has held that if the evidence submitted to the Appeals Council is "new and material" and conflicts with other record evidence, the Appeals Council (or some other fact finder) must reconcile the newly provided evidence "with the conflicting and supporting evidence in the record. Assessing the probative value of competing evidence is quintessentially the role of the fact finder." *Meyer v. Astrue*, 662 F.3d 700, 707 (4th Cir. 2011).

Dr. Merrill's July 15, 2024 medical record plainly conflicts with Plaintiff's earlier medical record which documented only conservative treatment. The ALJ relied on this earlier medical record in reaching the conclusion that Plaintiff retained the residual functional capacity to perform less than the full scope of sedentary work. This new record is clearly linked to Plaintiff's ongoing treatment of his severe spinal disorder. The Appeals Council's finding that Dr. Merrill's July 15, 2024 record does not "relate to the period at issue" is not supported by substantial evidence. Remand is necessary so that a fact finder can reconcile the full record in this matter, including Dr. Merrill's new and material finding that conservative treatment was inadequate to treat Plaintiff's severe spinal disorder.

The Court reverses the decision of the Commissioner and remands the matter to the agency for a fact finder to reconcile the conflicting record evidence and to make findings based upon the full record.

> 2. <u>The ALJ's reliance on Plaintiff's ability to handle personal hygiene and to feed his dogs to support a finding that Plaintiff can perform work eight hours a day, five days a week.</u>

Plaintiff testified at his administrative hearing that he is incapable of performing an eight hour work day because of chronic physical pain and the side effects of his medications. (Dkt. No. 4-2 at 72). Plaintiff testified that he has constant tingling and numbness going down both legs and loses feeling in his left leg if he sits or stands for any significant period of time. (*Id*. at 73, 76). The ALJ asked Plaintiff if he was able to bathe himself, and he testified that he can with a shower chair and sometimes with the assistance of his partner. (*Id*. at 78). Despite the finding that Plaintiff had a residual functional capacity of less than the full scope of sedentary work, the ALJ determined Plaintiff was not disabled from full time work, at least in part because he was "able to take care of his personal hygiene and feed his dogs." (*Id*. at 50).

The Fourth Circuit observed in *Arakas v. Commissioner, Social Security Administration*, 983 F.3d 83, 101 (4th Cir. 2020) that ALJs were well known to "overstate claimants' Residual Functional Capacities and ability to work based on their daily activities." The *Arakas* court observed that a "claimant's inability to sustain full-time work due to pain and other symptoms is often consistent with her ability to carry out daily activities." *Id*. And in *Brown v. Commissioner Social Security*, 873 F.3d 251, 263 (4th Cir. 2017), the Fourth Circuit rejected a common finding of ALJs that a claimant's ability to prepare a meal or walk a short distance showed that the claimant could persist through an eight hour workday.

The ability of a claimant to take a shower, often with assistance, or to feed his dog says little about his ability to sustain work eight hours a day, five days a week. The Court appreciates that the evaluation of subjective pain complaints of a claimant is not solely dependent on the

activities he is able to perform, but in this instance the ALJ expressly referenced Plaintiff's ability to feed his dogs and handle personal hygiene to rebut the Plaintiff's testimony that he was unable to sustain full time work.  These examples expressly cited by the ALJ are hardly equivalent to the ability to perform full time work.

The Court finds the ALJ's highly truncated factual basis to rebut Plaintiff's testimony about his significant physical limitations does not constitute substantial evidence to support a finding that Plaintiff can sustain full time work.  The ALJ's reliance on such minimal activities to rebut Plaintiff's subjective evidence of severe pain mandates reversal and remand on the basis of *Arakas* and *Brown*.          This constitutes a second and independent basis for reversal and remand of the Commissioner's decision.

## Conclusion

Based upon the foregoing, the Court hereby **REVERSES** the decision of the Commissioner and **REMANDS** this matter for further proceedings consistent with this opinion pursuant to Sentence Four of 42 U.S.C. § 405(g).  In light of the pendency of this application for disability benefits for nearly four years (application date February 17, 2022), the agency is directed to conduct an administrative hearing on remand and to issue a decision by the ALJ within 120 days and a final agency decision within 150 days.

**AND IT IS SO ORDERED**.

s/ Richard Mark Gergel<br>
Richard Mark Gergel<br>
United States District Judge

February 9, 2026
Charleston, South Carolina